UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ESTATE OF ROBERT JOSEPH MILLER, by and
Through IAN MILLER, personal representative of
the Estate,
    Plaintiff,

Docket No.: 1:21-cv-10738

V.

SEAN ROYCROFT and SPENCER JACKSON,
in their individual capacities and the TOWN
OF BARNSTABLE, MASSACHUSETTS,
    Defendants.

## DEFENDANTS, SEAN ROYCROFT, SPENCER JACKSON AND TOWN OF BARNSTABLE'S  ANSWER AND JURY CLAIM

The Defendants, Sean Roycroft, Spencer Jackson, and the Town of Barnstable, answer the Plaintiff's Complaint as follows:

## INTRODUCTION

1.    The Defendants neither admit nor deny Paragraph 1 as same is a statement of introduction.  To the extent that factual allegations are asserted against them, the Defendants deny same.

2.    The Defendants neither admit nor deny Paragraph 2 as same is a statement of introduction.  To the extent that factual allegations are asserted against them, the Defendants further answer by stating: the Defendants admit that the Defendant, Roycroft, arrived on scene first.  The Defendants deny the remainder of Paragraph 2.

3.    The Defendants neither admit nor deny Paragraph 3 as same is a statement of introduction.  To the extent that factual allegations are asserted against them, the Defendants deny same.

1

## JURISDICTION

4. The Defendants neither admit nor deny Paragraph 4 as same is a statement of jurisdiction. To the extent that factual allegations are asserted against them, the Defendants deny same.

## PARTIES

5. The Defendants have insufficient information to either admit or deny Paragraph 5

6. The Defendants admit the allegations contained in Paragraph 6.

7. The Defendants admit the allegations contained in Paragraph 7.

## FACTS

8. The Defendants admit that on the referenced date and time Barnstable Police dispatcher received a call for assistance. The Defendants deny the remainder of Paragraph 8.

9. The Defendants deny the allegations contained in Paragraph 9.

10. To the extent that Paragraph 10 relates to the referenced call for assistance, the Defendants admit same.

11. The Defendants admit that the officers were dispatched to the referenced home. The Defendants deny the remainder of Paragraph 11.

12. The Defendants admit that no initial call was made for the Psychiatric Assessment Team referenced therein. The Defendants have insufficient information to either admit or deny the remainder of Paragraph 12.

13. The Defendants admit the allegations contained in Paragraph 13.

14. The Defendants admit that the Defendant, Roycroft, spoke to Miller. The Defendants admit that Miller responded to the Defendant, Roycroft, and he appeared to be having a psychiatric issue. The Defendants deny the remainder of Paragraph 14.

15. The Defendants neither admit not deny Paragraph 15 as same does not assert facts against them. To the extent that factual allegations are asserted against them, the Defendants deny same.

16. The Defendants deny the allegations contained in Paragraph 16.

17. The Defendants admit that that the Defendant, Roycroft, entered the house. The Defendants deny the remainder of Paragraph 17.

18. The Defendants deny the allegations contained in Paragraph 18.

19. The Defendants deny the allegations contained in Paragraph 19.

20. The Defendants deny the allegations contained in Paragraph 20.

21. The Defendants deny the allegations contained in Paragraph 21.

22. The Defendants deny the allegations contained in Paragraph 22.

23. The Defendants deny the allegations contained in Paragraph 23.

24. The Defendants admit that the Defendant, Roycroft, placed his arms on the decedent. The Defendants deny the remainder of Paragraph 24.

25. The Defendants admit that the Defendant, Roycroft, placed his arms on Miller. The Defendants neither admit nor deny the remainder of Paragraph 25 as same does not assert allegations against them.

26. The Defendants deny the allegations contained in Paragraph 26.

27. The Defendants deny the allegations contained in Paragraph 27.

28. The Defendants deny the allegations contained in Paragraph 28.

29. The Defendants admit that the Defendant, Jackson, arrived and attempted distraction strikes in order to free the Defendant, Roycroft, from Miller's hold. The Defendants deny the remainder of Paragraph 29.

30. The Defendants deny the allegations contained in Paragraph 30.

31. The Defendants admits that Office Jackson assisted in handcuffing Miller. The Defendants deny the remainder of the allegations contained in Paragraph 31.

32. The Defendants deny the allegations contained in Paragraph 32.

33. The Defendants deny the allegations contained in Paragraph 33.

34. The Defendants neither admit not deny Paragraph 34 as same does not assert allegations against them. To the extent that factual allegations are asserted against them, the Defendants deny same.

35. The Defendants deny the allegations contained in Paragraph 35.

36. The Defendants neither admit not deny Paragraph 36 as same is a statement of law. To the extent that factual allegations are asserted against them, the Defendants deny same.

37. The Defendants deny the allegations contained in Paragraph 37.

38. The Defendants deny the allegations contained in Paragraph 38.

39. The Defendants deny the allegations contained in Paragraph 39.

40. The Defendants have insufficient information to neither admit nor deny the first sentence of Paragraph 40. The Defendants deny the remainder of Paragraph 40.

41. The Defendants deny the allegations contained in Paragraph 41.

42. The Defendants deny the allegations contained in Paragraph 42.

43. The Defendants deny the allegations contained in Paragraph 43.

44. The Defendants deny the allegations contained in Paragraph 44.

45. The Defendants deny the allegations contained in Paragraph 45.

**COUNT I – 42.U.S.C. §1983 Claim Against Defendants Royroft and Jackson**

46. The Defendants reassert and reallege their responses to Paragraphs 1-45 above.

47. The Defendants deny the allegations contained in Paragraph 47 of Count I.

48. The Defendants deny the allegations contained in Paragraph 48 of Count I.

49. The Defendants deny the allegations contained in Paragraph 49 of Count I.

50. The Defendants deny the allegations contained in Paragraph 50 of Count I.

51. The Defendants deny the allegations contained in Paragraph 51 of Count I.

52. The Defendants deny the allegations contained in Paragraph 52 of Count I.

**COUNT II – Wrongful Death M.G..L. ch. 229, §2 Against Defendants Royroft and Jackson**

53. The Defendants reassert and reallege their responses to Paragraphs 1-52 above.

54. The Defendants deny the allegations contained in Paragraph 54 of Count II.

55. The Defendants deny the allegations contained in Paragraph 55 of Count II.

56. The Defendants deny the allegations contained in Paragraph 56 of Count II.

**COUNT III - M.G.L. c. 258 Negligence Claim Against the Town of Barnstable**

57. The Defendants reassert and reallege their responses to Paragraphs 1-56 above.

58. The Defendants deny the allegations contained in Paragraph 58 of Count III.

59. The Defendants deny the allegations contained in Paragraph 59 of Count III.

60. The Defendants deny the allegations contained in Paragraph 60 of Count III.

61. A letter purporting to be a statutory notice was received by the Town. The Defendants deny the remainder of the allegations contained in Paragraph 61 of Count III.

62. The Defendants neither admit nor deny Paragraph 62 of Count III as same is a statement of law.  To the extent that factual allegations are asserted against them, the Defendants deny same.

63. The Defendants admit that no response was issued to the purported statutory demand letter. The Defendants deny the remainder of the allegations contained in Paragraph 63 of Count III.

WHEREFORE, the Defendants demand judgment in their favor together with costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

The Defendants demand a trial by jury on all claims of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to institute his claim within the statutory timeframe and therefore, such claims are time-barred.

### THIRD AFFIRMATIVE DEFENSE

The individual defendants acted objectively reasonably under the circumstances and are qualifiedly immune from liability.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants acted with probable cause and legal justification.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to make commencement of his claims as a prerequisite to file suit pursuant to G.L. c. 258, and thus said claims sounding in negligence are barred.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged injuries or damages sustained by the Plaintiff's decedent, was caused by his own intentional acts and thus the Defendants are not liable.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's decedent was comparatively negligent and such negligence outweighed that of the Defendants.

                         Respectfully submitted,
                         DEFENDANTS,
                         Sean Roycroft and Spencer Jackson in
                         their individual capacities, and the Town
                         of Barnstable, Massachusetts,
                         By their Attorney,

                         /s/*Douglas I. Louison*

                         Douglas I. Louison (BBO# 545191)
                         Louison, Costello, Condon & Pfaff, LLP
                         101 Summer Street, 4th Floor
                         Boston, MA 02110
                         (617) 439-0305
                         dlouison@lccplaw.com

**CERTIFICATE OF SERVICE**

I, Douglas I. Louison, hereby certify that on June 14, 2021, I served the foregoing by causing a copy to be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and/or paper copies will be sent to those indicated as non-registered participants.

                         /s/ Douglas I. Louison
                         Douglas I. Louison